# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0210 (6) (MJD/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| EPIFANIO SALGADO FLORES, JR., | |
| Defendant. | |

Defendant Epifanio Salgado Flores, Jr., pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine and was sentenced to a 60-month term of imprisonment. Flores now seeks a reduction or modification of that sentence on two grounds. *See* ECF No. 530. The first of those claims lacks merit, while the second of those claims is not within the jurisdiction of the Court to adjudicate. Accordingly, Flores's motion will be denied.

First, Flores seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c), which provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1

Flores's recommended sentencing range was determined partly through the application of Section 2D1.1 of the United States Sentencing Guidelines, which sets the offense level for crimes involving the unlawful manufacturing, importing, exporting, or trafficking of drugs (or the attempt or involvement in a conspiracy to commit any of those crimes). Amendment 782 to the United States Sentencing Guidelines reduced most drug quantity base offense levels under § 2D1.1, while Amendment 788 to the United States Sentencing Guidelines made Amendment 782 retroactively applicable to defendants already sentenced. Flores argues that, due to the effect of Amendments 782 and 788, he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and is therefore eligible for relief under § 3582(c)(2).

But Amendments 782 and 788 took effect on November 1, 2015. *See* U.S.S.G. § 1B1.10, application note 6. Flores was sentenced on July 25, 2017. In other words, Amendments 782 and 788 had already come into effect by the time that Flores's sentence was imposed, and those amendments were considered by the Court (through the application of the amended § 2D1.1) in determining Flores's recommended sentencing range at the time of sentencing. Because his recommended sentencing range was not *subsequently* lowered by Amendments 782 and 788, *see* 18 U.S.C. § 3582(c)(2), Flores is not eligible for relief under § 3582(c)(2).

Second, Flores argues that he is entitled to additional good-time credit pursuant to the First Step Act of 2018 ("the Act"), Pub. L. 115-391, 132 Stat. 5194 (2018). "Prior to the passage of the Act, the BOP interpreted Title 18, United States Code, Section

3624(b), to permit the calculation of good time credit based on the length of time that a prisoner actually serves rather than the length of the sentence imposed. The Act amends Section 3624(b) to require calculating good time credit based on the length of a prisoner's sentence imposed by the court." *Robertson v. Marques*, No. 19-CV-1009 (WMW/SER), 2019 WL 2464805, at *1 (D. Minn. June 13, 2019) (citation omitted). The effect of the Act in this regard is to increase the good-time credit to which federal prisoners are eligible by seven days for each year of imprisonment served. Flores contends that this change was intended to be immediate and asserts that the Federal Bureau of Prisons has not yet made the necessary alteration to his sentence.

Whatever the merits of Flores's claim, it is not properly raised in this District. A challenge to the determination of release date or calculation of good-time credits must be brought through a petition for a writ of habeas corpus. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014); *Watson v. United States*, 392 Fed. App'x 737, 741 (11th Cir. 2010 (per curiam). A habeas corpus petition, in turn, must be filed in the district of incarceration, not the district of conviction. *See* 28 U.S.C. § 2241(a); *United States v. Chacon-Vega*, 262 Fed. App'x 730 (8th Cir. 2008) (per curiam) (collecting cases). This Court lacks jurisdiction to consider the challenge to the calculation of Flores's good-time credits and must reject the claim on that basis.

Finally, Flores has requested *in forma pauperis* ("IFP") status during the consideration of his motion for a reduction in sentence. *See* ECF No. 531. Flores is financially entitled to IFP status, but no filing fee or other costs are required for the

motion submitted by Flores, and thus IFP status will gain him nothing as a practical matter at this juncture. Accordingly, his IFP application will be denied as moot.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion for a sentence reduction of defendant Epifanio Salgado Flores, Jr. [ECF No. 530] is DENIED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of Flores [ECF No. 531] is DENIED AS MOOT.

Dated: June 27, 2019

s/ Michael J. Davis
Michael J. Davis
United States District Judge