UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            **MEMORANDUM OF LAW & ORDER**
                              Criminal File No. 15-210 (MJD/DTS)

(6) EPIFANIO SALGADO FLORES, JR.,

    Defendant.

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Epifanio Salgado Flores, Jr., pro se.

    This matter is before the Court on Defendant Epifanio Salgado Flores, Jr.'s § 3582(c)(1)(A) Emergency Request for Modification of Imposed Term of Imprisonment of Release to Home Confinement or Supervised Release. [Docket No. 670]

    Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose

1

a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Bureau of Prisons' ("BOP") Administrative Remedy Program is set forth in 28 CFR § 542.10 et seq. This program applies to all inmates under BOP responsibility and provides for a formal review of issues relating to any aspect of his confinement. Id. § 542.10 (a) and (b). Pursuant to these regulations, an inmate shall first raise an issue informally. Id., § 542.13(a). If the inmate did not resolve the issue informally, he may then file a formal Request to the Warden. Id. § 542.14. If the inmate is not satisfied with the Warden's decision at this stage, he may appeal the Warden's decision to the Regional Director within 20 days of the Warden's signed response. Id. § 542.15(a). Such an appeal must be filed on the appropriate form (BP-10). Id. Finally, the Regional Director's decision may be appealed by filing a BP-11 form with the Director of the National Inmate Appeals in the Office of the General Counsel. Id.

Before the Court can decide whether Defendant is entitled to compassionate release, he must first 1) exhaust administrative remedies as set forth in the preceding paragraph or 2) show that he made a request for compassionate release to the Warden and the Warden did not respond within 30 days.  If the defendant cannot show 1) or 2), the Court must deny the motion without prejudice.  United States v. Roy, No. CR 15-303 (MJD), 2019 WL 6910069, at *1 (D. Minn. Dec. 19, 2019).

Here, Defendant has not exhausted administrative remedies.  Nor did the appropriate Warden fail to respond to a request within 30 days.  Defendant did make a request to the Warden at his prior place of confinement.  However, Defendant made the request on April 4, 2020, less than 30 days ago.  (Def. Ex. 1.) Additionally, Defendant's request to the previous Warden, as well as the basis for the current motion, are moot because both the former request and the current motion were based on conditions at Taft CI and Defendant is now incarcerated at Mendota FCI.  On April 6, 2020, BOP informed Taft inmates that they would need to make their request for release to the Warden at their new facility, because Taft was being closed and they were all being transferred.  (Def. Ex. 5.)

Moreover, the Court notes that Defendant has failed to show "extraordinary and compelling reasons" due to medical condition or age.  See U.S.S.G. § 1B1.13, cmt. 1(A).  Defendant is 41 years old; he offers no proof of any serious medical condition, let alone one that puts him at high risk for severe illness from COVID-19 (see also Presentence Investigation Report); and there are no reported COVID-19 cases at Mendota FCI.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

>Defendant Epifanio Salgado Flores, Jr.'s § 3582(c)(1)(A) Emergency Request for Modification of Imposed Term of Imprisonment of Release to Home Confinement or Supervised Release [Docket No. 670] is **DENIED WITHOUT PREJUDICE**.

Dated:   April 22, 2020            s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court